UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DEAN GRAY III, | Case No. 2:25-cv-0535-TLN-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF ROSEVILLE, *et al.*, | |
| Defendants. | |

    Plaintiff, proceeding without counsel, commenced this action in the Placer County Superior Court, alleging that defendants violated his rights during the execution of a search warrant. After plaintiff filed a first amended complaint, defendants removed the case to this court. ECF No. 1. In the notice of removal, defendants state that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the first amended complaint alleges claims for violations of plaintiff's First and Fourteenth Amendment rights under 42 U.S.C. § 1983. *Id.* at 2. Plaintiff subsequently moved to remand, ECF No. 3, and to stay proceedings until resolution of his motion for remand, ECF No. 7.[1] Three days after defendants filed an opposition to the motion to remand, the parties entered a stipulation to allow plaintiff to amend his complaint. ECF No. 14. Pursuant to that stipulation, plaintiff has filed a second amended complaint, which asserts

---

[1] More recently, plaintiff filed a second motion to remand. ECF No. 11.

1

only state law claims. ECF No. 15. Because the amended complaint does not establish a basis for this court's jurisdiction, I recommend the case be sua sponte remanded and that plaintiffs' pending motions be denied as moot.[2]

A district court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). If there is any doubt as to the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Plaintiff's second amended complaint specifically states that it "is strictly limited to state law causes of action under the California Constitution, California Penal Code, and California Civil Code. Plaintiff does not assert any claims under federal law." ECF 15 at 1. After plaintiff amended his complaint, defendants' counsel filed a declaration in which he acknowledges that plaintiff does not allege a federal claim and requests that this case be remanded back to state court. ECF No. 17. As both parties acknowledge, the operative complaint does not present a federal question, which was the basis for defendants' removal. Accordingly, this case should be remanded back to state court. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25-26 (2025) ("When an amendment [to the complaint] excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.").

Accordingly, it is hereby ORDERED that the April 17, 2025 hearing on plaintiff's motions to remand, ECF No. 3, and to stay, ECF No. 7, is vacated.

---

[2] Plaintiff filed his motion for remand prior to amending his complaint. Consequently, those motions concern whether his first amended complaint provided a basis for removal rather than whether the operative, second amended complaint alleges a basis for this court's subject matter jurisdiction. Because plaintiff's motions are directed at his earlier complaint, I recommend that they be denied as moot.

Further, it is RECOMMENDED that:

1. This case be sue sponte REMANDED to the Superior Court of the State of California in and for the County of Placer.

2. Plaintiff's motions to remand, ECF Nos. 3 & 11, and to stay, ECF No. 7, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3